RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 4/3/14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RANDELL ORANGE | DOCKET NO. 13-CV-3113; SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

*Pro se* Petitioner, Randell Orange, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on November 20, 2013. Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections, and he is incarcerated at Allen Correctional in Kinder, Louisiana. He complains that he has been wrongfully deprived of 1,306 days of good time.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Factual Background*

Petitioner complains that he was deprived of 1,306 days of good time, which were forfeited in approximately forty-three disciplinary actions between June 9, 2005 and July 15, 2012. He does not contest the validity of the disciplinary convictions; however, he complains about the sentences imposed in those convictions and the number of good time days lost. [Doc. #1-1, p.66-67]

In order to determine whether Petitioner properly exhausted

his claims, he was ordered to amend his petition to identify the forty-plus disciplinary convictions that resulted in the loss of time so that a determination could be made as to exhaustion. Petitioner provided an amended complaint identifying only a handful of disciplinary convictions.

1. Disciplinary Conviction 2008-58

Plaintiff alleges that he successfully challenged a disciplinary conviction, but the DOC failed to reinstate the wrongfully forfeited good time and failed to reimburse him court costs as ordered by the Louisiana First Circuit Court of Appeals. [2009 CA 1576, La. 1st Cir., reversing 19th JDC #568,144]  The order was entered May 6, 2010.

2. Disciplinary Conviction 2008-77

Petitioner alleges that he successfully challenged the forfeiture of good time in the 19th JDC case number 568,504 after it was remanded from the First Circuit Court of Appeals.  He states that his good time was restored in this instance.

3. Disciplinary Conviction 2008-138

Petitioner claims that he addressed four disciplinary convictions in one ARP.  He does not allege that he challenged these convictions in the 19th Judicial District Court.

4. Disciplinary Conviction 2008-235

Petitioner claims that he challenged three disciplinary convictions together.  He states that the 19th Judicial District

affirmed the convictions. He does not provide whether he sought further review.

5. Disciplinary Conviction 2008-245

Petitioner alleges that this consists of four reports, and that his due process was violated. He does not state whether he exhausted administrative or state court remedies.

6. Disciplinary Conviction 2008-273

Petitioner alleges that he filed an administrative grievance about the good time forfeiture. He does not allege whether he exhausted through the state courts.

7. Disciplinary Conviction 2009-642

Petitioner alleges that he challenged this conviction in the state courts by way of 19th JDC docket number 584,172. He was unsuccessful, and the appellate court affirmed the decision of the 19th JDC. See Orange v. LeBlanc, 2011 WL 6776840 (La.App. 1 Cir. 2011), writ denied, 97 So.3d 368 (La. 2012), cert. denied, 133 S.Ct. 948 (2013).

### Law & Analysis

State prisoners who allege that they were improperly denied good-conduct credit that, if restored, would have resulted in their immediate or sooner release from prison, fall under §2254. See Malchi v. Taylor, 211 F.3d 953, 957-58 (5th Cir. 2000); Preiser v. Rodriguez, 411 U.S. 475, 487 (1973); see also McGary v. Scott, 27 F.3d 181, 183 (5th Cir. 1994)(petition alleging the improper denial

3

of good-time credits arose under §2254 and was subject to the Rules Governing §2254 cases); Story v. Collins, 920 F.2d 1247-51 (5th Cir. 1991). Thus, Petitioner's claim arises under §2254 rather than §2241, and he is subject to the terms of the Antiterrorism and Effective Death Penalty Act (AEDPA).

I.   **Time Bar**

First, Petitioner's claims are untimely. Petitioner's claims are subject to the AEDPA's statute of limitations. Specifically, there is a one-year period of limitations period that runs from: (1) the date the judgment became final, (2) the date a government-imposed impediment to filing was removed, (3) the date the constitutional right asserted was initially recognized by the Supreme Court, or (4) the date the factual predicate of the claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

For disciplinary cases, the one-year period begins to run at conclusion of the disciplinary hearing that deprives Petitioner of good-time credits, because the factual predicate of claim was discoverable on that date. See Kimbrell v. Cockrell, 311 F.3d 361 (5th Cir. 2002). Petitioner challenges the loss of good time resulting from disciplinary convictions in the years 2008 and 2009. Therefore, the one-year limitations period began to run from the date of those convictions. Petitioner did not file this habeas action until November 20, 2013, clearly after the expiration of the

4

statute of limitations. Although the timely pendency of prison grievance procedures and state court remedies would have tolled the one-year period, Petitioner did not properly file disciplinary appeals as to each individual disciplinary conviction.[1] See e.g., Kimbrell, 311 F.3d at 364. Therefore, the limitations period was not tolled, and Petitioner's claims are untimely.

## II.  Procedural Default

In addition to being time-barred, Petitioner's claims are procedurally defaulted. In Petitioner's case, the Louisiana First Circuit Court of Appeals affirmed the ruling of the 19th JDC on Petitioner's claim for the restoration of good time. The court stated that it is well-settled that only one disciplinary matter can be reviewed by the court in a single appeal, and Petitioner was contesting, in a single case, the loss of good-time in 39 separate disciplinary actions over a period of five years. See Orange v. Leblanc, 2011 WL 6776840, 1 (La.App. 1 Cir., 2011)(citing Lightfoot v. Stalder, 97-2626 (La.App. 1stCir. 12/28/98), 727 So.2d 553, 554-55. The procedural default doctrine bars federal habeas corpus review when a state court declines to address a petitioner's federal claims because the petitioner has failed to follow a state procedural rule. Coleman v. Thompson, 501 U.S. 722, 729 (1991).

---

[1] See discussion, infra.

Moreover, a review of the Commissioner's report[2] shows that, in addition to dismissal for failing to file separate challenges to each individual disciplinary conviction, the claim was also dismissed because Petitioner failed to follow LDOC rules and regulations required for exhaustion. Specifically, the court found that, based on the record before it, Petitioner did not properly challenge his disciplinary convictions through the disciplinary appeals process. Instead, he proceeded through the standard administrative remedy process ("ARP"). [Orange v. La. Dept. Of Public Safety & Corrections, #584,172, 19th Judicial District Court, Parish of East Baton Rouge].

Thus, the district court affirmed the decision of the Department because of Petitioner's failure to follow the proper procedures in contesting disciplinary convictions. The First Circuit Court of Appeals affirmed the district court based on the "commissioner's screening report" and the fact that only one disciplinary matter can be reviewed by the court in a single appeal. See Orange v. Leblanc, 2011 WL 6776840, citing Lightfoot v. Stalder, 97-2626 (La.App. 1 Cir. 12/28/98), 727 So.2d 553, 554-55. The Louisiana Supreme Court denied writs, and the United States Supreme Court denied certiorari, both without comment. It

---

[2] Petitioner was ordered to provide documents in support of his claim, including the Commissioner's Report. He provided all documents, except for the report of the Commissioner. The Court obtained a copy of the report from the Fifth Circuit librarian, and it is attached hereto as "Court Exhibit 1."

may be presumed that those courts relied on the grounds for dismissal cited by the Louisiana First Circuit and/or the Commissioner's Report. See <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 802 (1991)(Where the last reasoned state court opinion on a federal claim explicitly imposes a procedural default, there is a presumption that a later decision rejecting the same claim without opinion did not disregard the procedural bar and consider the merits.).

Petitioner "exhausted" his state remedies without obtaining any decision on the merits of his federal constitutional claim because he failed to comply with state procedural rules on how the claims must be raised. When the petitioner's own procedural default leaves state remedies for a petitioner's claims unavailable, federal courts are barred from reviewing those claims. <u>Magouirk v. Phillips</u>, 144 F.3d 348, 360 (5th Cir. 1998). A petitioner may overcome the procedural default bar if he "can demonstrate cause for the defaults and actual prejudice as a result of the alleged violation of federal law" or else show that "failure to consider the claims will result in a fundamental miscarriage of justice." <u>Morris v. Dretke</u>, 413 F.3d 484, 491-92 (5th Cir.2005). Petitioner was provided with an opportunity to amend to provide allegations to overcome the procedural default bar, but he was unable to do so. Even if he had, his claims would still be untimely and subject to dismissal on that ground.

*Conclusion*

Orange's petition is untimely under the one-year limitation period codified at 28 U.S.C. §2244(d). Additionally, his claims are procedurally defaulted. Therefore, **IT IS RECOMMENDED** that his petition be denied and dismissed.

*Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

Thus done and signed at Alexandria, Louisiana, this 2nd day of April, 2014.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE